UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| FIRST FINANCIAL BANK,<br><br>            Plaintiff,<br><br>v.<br><br>LAWRENCE ALLEN CLARK,<br><br>            Defendant. | CAUSE NO. 2:18-cv-390 DRL |

OPINION AND ORDER

Lawrence Clark filed a Chapter 13 bankruptcy petition. An automatic stay went into effect but then lapsed in part. First Financial Bank, a secured creditor and mortgage holder, requested a comfort order to confirm that the automatic stay had expired so that the bank could foreclose on his real property. The bankruptcy court confirmed that no stay existed for Mr. Clark individually or his property but said the stay remained for the bankruptcy estate's property, including certain real property. First Financial Bank appealed. This presiding judge recently received this bankruptcy appeal by reassignment, and the court now affirms.

BACKGROUND

The facts are brief and undisputed. Lawrence Clark filed a voluntary bankruptcy petition under Chapter 13 on June 28, 2018 in the Northern District of Indiana. He was a previous debtor in a voluntary bankruptcy case that was dismissed on May 3, 2018 because he didn't comply with the terms of a confirmed plan.[1] He filed this bankruptcy case within one year of the time his previous case remained pending. An automatic stay went into effect. When Mr. Clark didn't move to continue it, it terminated in part thirty days after he filed the petition under 11 U.S.C. § 362(c)(3)(A).

---

[1] He also had another previous bankruptcy petition, but it has no bearing on the dispute today.

Mr. Clark is indebted to First Financial Bank (FFB) in the amount of $71,416.92, plus accruing interest and attorney fees and expenses. FFB secured its claim with a mortgage located on his real property in Merrillville, Indiana. FFB obtained a state court judgment and decree of foreclosure on the house for his failure to pay his debts, but the sale date for September 7, 2018 was canceled because of the bankruptcy case.

On August 2, 2018, FFB moved for a comfort order under 11 U.S.C. § 362(j) to confirm the absence of the automatic stay. The bankruptcy court granted the motion in part, confirming that the stay terminated as to Mr. Clark individually and as to his property, but denying the request as to any real property of the bankruptcy estate. FFB appealed on October 11, 2018. The appeal was reassigned to this presiding judge on January 25, 2021.

## STANDARD

Under 28 U.S.C. § 158(a), federal district courts have jurisdiction to hear appeals from final and certain other orders of the bankruptcy courts. The comfort order here constitutes an appealable order. *See In re Bulk Petroleum Corp.*, 796 F.3d 667, 671 (7th Cir. 2015); *In re Smith*, 910 F.3d 576, 579-80 (1st Cir. 2018). District courts apply a dual standard of review in bankruptcy appeals. The bankruptcy judge's findings of fact are reviewed for clear error, and its conclusions of law are reviewed *de novo*. *In re Veluchamy*, 879 F.3d 808, 814 (7th Cir. 2018). A factual finding is clearly erroneous if it leaves a definite and firm conviction that a mistake has been made. *Id.*

## DISCUSSION

The issue here is whether the 30-day automatic stay for repeat bankruptcy filers lapses entirely when that time runs or terminates solely as to the debtor and his property but not as to the bankruptcy estate's property. *See* 11 U.S.C. § 362(c)(3)(A). Courts have split on this issue, and this circuit hasn't taken a side.

The majority view, adopted by the bankruptcy court and advanced by Mr. Clark, is that the statute unambiguously terminates the stay solely as to the debtor and his property, without applying the termination to the property of the bankruptcy estate.[2] *See, e.g.*, *Rose v. Select Portfolio Servicing, Inc.*, 945 F.3d 226, 231 (5th Cir. 2019); *In re Holcomb*, 380 B.R. 813, 816 (10th Cir. B.A.P. 2008); *In re McGrath*, 621 B.R. 260, 266-67 (Bankr. D.N.M. 2020); *In re Markoch*, 583 B.R. 911, 914 (Bankr. W.D. Mich. 2018); *In re Pope*, 351 B.R. 14, 16-17 (Bankr. D.R.I. 2006); *In re Brandon*, 349 B.R. 130, 132 (Bankr. M.D.N.C. 2006); *In re Gillcrese*, 346 B.R. 373, 377 (Bankr. W.D. Pa. 2006).

The minority view, espoused by FFB, is that the statute is ambiguous and that its purpose and legislative history counsel terminating the stay in its entirety. *See, e.g.*, *In re Smith*, 910 F.3d 576, 591 (1st Cir. 2018); *In re Reswick*, 446 B.R. 362, 373 (9th Cir. B.A.P. 2011); *In re Goodrich*, 587 B.R. 829, 849 (Bankr. D. Vt. 2018); *In re Furlong*, 426 B.R. 303, 307 (Bankr. C.D. Ill. 2010); *In re Daniel*, 404 B.R. 318, 329 (Bankr. N.D. Ill. 2009); *In re Curry*, 362 B.R. 394, 402 (Bankr. N.D. Ill. 2007); *In re Jupiter*, 344 B.R. 754, 762 (Bankr. D.S.C. 2006).

The court adopts the majority position based, as a starting point, on the statute's text. *Duncan v. Walker*, 533 U.S. 167, 172 (2001). If the text is unambiguous, the court applies its plain and ordinary meaning, *see Bostock v. Clayton Cnty.*, 140 S. Ct. 1731, 1738 (2020), with an eye toward avoiding absurd results, *see O'Kane v. Apfel*, 224 F.3d 686, 691 (7th Cir. 2000). The court strives to give meaning to every word in the statute and avoids treating any language as surplusage. *Duncan*, 533 U.S. at 174.

A circuit split on whether a statute is ambiguous doesn't alone create an ambiguity. *See Reno v. Koray*, 515 U.S. 50, 65 (1995). The court won't use legislative history to create an ambiguity either. *See Bostock*, 140 S. Ct. at 1749; *Milner v. Dept. of Navy*, 562 U.S. 562, 574 (2011). That a statute is poorly

---

[2] The parties also generally refer to the *Bender* approach, *see In re Bender*, 562 B.R. 578, 585 (Bankr. E.D.N.Y. 2016), which holds that the stay terminates as to the debtor's property and the estate's property, but only if that property was the subject of a judicial, administrative, or other formal proceeding commenced prepetition. Neither party advocates for this interpretation, and the court finds it unpersuasive.

3

drafted, as courts at times lament when reading this section of the Bankruptcy Code, *see, e.g.*, *In re Reswick*, 446 B.R. at 370; *In re Baldassaro*, 338 B.R. 178, 182 & n.3 (Bankr. D.N.H. 2006), doesn't give the court leeway to restructure its meaning. "It is beyond [the court's] province to rescue Congress from its drafting errors, and to provide for what [the court] might think . . . is the preferred result." *Lamie v. U.S. Tr.*, 540 U.S. 526, 542 (2004) (citing *United States v. Granderson*, 511 U.S. 39, 68 (1994) (Kennedy, J., concurring)); *see also In re Trejos*, 352 B.R. 249, 261 (D. Nev. 2006) ("the fact that an expert, trained in both drafting and bankruptcy, would have written the statute differently is not sufficient reason to exclude an interpretation that would have resulted from that better drafting").

With these principles in mind, the relevant statute reads as follows:

> [I]f a single or joint case is filed by or against a debtor who is an individual in a case under chapter 7, 11, or 13, and if a single or joint case of the debtor was pending within the preceding 1-year period but was dismissed, . . . the stay under subsection (a) with respect to any action taken with respect to a debt or property securing such debt or with respect to any lease shall terminate *with respect to the debtor* on the 30th day after the filing of the later case.

11 U.S.C. § 362(c)(3)(A) (emphasis added). The key phrase is "with respect to the debtor"—whether this prescribes the scope of the stay's termination. The parties don't contest that Mr. Clark is subject to the automatic stay's termination; instead, the parties dispute the termination's scope.

The text references the "stay under subsection (a)," which is the automatic stay of other actions against the debtor when he files bankruptcy. *See* 11 U.S.C. § 362(a). It serves as a protection for the debtor. *Midlantic Nat. Bank v. N.J. Dept. of Envtl. Prot.*, 474 U.S. 494, 503 (1986). It stays actions in three categories: those against (1) the debtor; (2) the debtor's property; and (3) the property of the bankruptcy estate. *In re Smith*, 910 F.3d at 580; *see Rose*, 945 F.3d at 230. Congress enacted the stay to apply to these categories under 11 U.S.C. § 362(a) expressly, using the specific category's name. *See Rose*, 945 F.3d at 230. For instance, subsection (a)(1) stays actions "against *the debtor*," subsection (a)(2) stays actions "against *the debtor* or against *property of the estate*," and subsection (a)(5) stays actions

4

"against *property of the debtor.*" This isn't exhaustive; there are numerous other references to the categories throughout subsection (a).

For repeat filers (debtors with one prior bankruptcy case dismissed within one year of their current bankruptcy filing), the automatic stay ceases after 30 days, unless extended by the bankruptcy court. 11 U.S.C. § 362(c)(3); *see In re Wade*, 592 B.R. 672, 676 (Bankr. N.D. Ill. 2018). Mr. Clark is a repeat filer. That said, the statute says the automatic stay "shall terminate with respect to *the debtor.*" 11 U.S.C. § 362(c)(3)(A) (emphasis added). On its face, "the debtor" means exactly what is says: the debtor individually. Congress knows full well the difference between the debtor and the estate and could have added "and the property of the estate" as it did multiple times in § 362(a), *see* 11 U.S.C. §§ 362(a)(2), (a)(3), & (a)(4), but it didn't. The court won't add that language now or presume, in the guise of "interpreting" the statute, that this gloss should be added to it. *See Keene Corp. v. United States*, 508 U.S. 200 (1993) ("Where Congress includes particular language in one section of a statute but omits it in another . . ., it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion.") (citation omitted); *Evans v. Portfolio Recovery Assocs., LLC*, 889 F.3d 337, 346 (7th Cir. 2018) ("our task is to interpret the words of Congress, not add to them") (citation omitted).

Similarly, Congress could have eliminated "with respect to the debtor" and thus written a statute that terminated the entire stay after 30 days, but in its wisdom Congress didn't. *See In re Brandon*, 349 B.R. at 132. The court's job is to enforce the constitutionally valid law Congress has written, not to rewrite it—"to apply, not amend, the work of the People's representatives." *Henson v. Santander Consumer USA Inc.*, 137 S. Ct. 1718, 1726 (2017). With due regard to this role, the court won't eliminate these statutory words, or adopt an interpretation that effectively reads them out. *See GE Betz, Inc. v. Zee Co., Inc.*, 718 F.3d 615, 624-25 (7th Cir. 2013) ("A court has 'no right, in the guise of construction of an act, to either add words to or eliminate words from the language used by congress.'") (quoting *King v. IRS*, 688 F.2d 488, 491 (7th Cir. 1982)); *see, e.g., In re Harris*, 342 B.R. 274, 279 (Bankr. N.D.

5

Ohio 2006) ("Had Congress intended § 362(c)(3)(A) to completely terminate the automatic stay, it could have used the same straightforward language it used in § 362(c)(4)(A)(i).").

FFB effectively invites the court to read "shall terminate with respect to the debtor" the same as "shall terminate" and effectively treat the phrase "with respect to the debtor" as superfluous. That isn't the proper function of statutory construction. *See Gillespie v. Trans Union Corp.*, 482 F.3d 907, 909 (7th Cir. 2007) ("we try to avoid interpretations of statutes that render words, or other sections, superfluous"). The court remains ever mindful that "[i]f judges won't defer to clear statutory language, legislators will have difficulty imparting a stable meaning to the statutes they enact." *Schlosser v. Fairbanks Cap. Corp.*, 323 F.3d 534, 538 (7th Cir. 2003) (quoting *Krzalic v. Republic Title Co.*, 314 F.3d 875, 879-80 (7th Cir. 2002)). FFB's concern that this reading would cause an internal inconsistency because there would never be a need to reach the good faith analysis required to extend the automatic stay, *see* 11 U.S.C. § 362(c)(3)(B), seems not the case as that extension would still concern the debtor or his property.

Congress knew how to eliminate the stay in its entirety when it desired to do so; indeed, it automatically terminated the entire stay in 11 U.S.C. § 362(c)(4)(A)(i) when it said, "the stay under subsection (a) shall not go into effect" in certain scenarios. Notably absent from that subsection is any limiting language. In contrast, in § 362(c)(3)(A) Congress chose to include such limiting language and evinced its plain intent to end the stay to a lesser extent—that is, only with respect to the debtor, not the estate's property. *See In re Harris*, 342 B.R. at 279-80; *see United States v. Melvin*, 948 F.3d 848, 852 (7th Cir. 2020) ("We presume that the use of different words in the same statute is evidence that Congress intended different meanings.").

The statute accounts for Mr. Clark's and the majority's view that the stay terminates to the debtor's property. Though thus far the court has analyzed mostly the phrase "shall terminate with respect to the debtor," the language preceding it says the termination applies to stays "under

6

subsection (a) with respect to any action taken with respect to a debt or *property* securing such debt . . . ." 11 U.S.C. § 362(c)(3)(A) (emphasis added). With this language, the statute terminates the automatic stay as to the debtor's debt and property securing that debt, just not property within the bankruptcy estate. *See In re Jones*, 339 B.R. 360, 365 (Bankr. E.D.N.C. 2006) ("At a minimum, the stay would therefore terminate 'with respect to the debtor' as it relates to a debt of the debtor and to property 'securing such debt.'"). No one disputes that this real property falls within the bankruptcy estate.

FFB argues that "with respect to the debtor" means that the automatic stay's termination applies only to the serial-filing debtor when a joint case is filed by a serial-filing debtor and a non-serial-filing debtor, or at least that this is a reasonable interpretation and thus creates an ambiguity in the statute. Courts in the minority credit this argument. *See, e.g.*, *In re Reswick*, 446 B.R. at 366; *In re Furlong*, 426 B.R. at 307; *In re Daniel*, 404 B.R. at 327.

With due respect to these other views, this interpretation doesn't jive with other portions of the same statute, specifically 11 U.S.C. § 362(c)(4)(A)(i). This other subsection likewise applies in either "a single or joint case" by a serially-filing debtor, but it goes on to say that only "the stay under subsection (a) shall not go into effect." Absent is any language of "with respect to the debtor" to specify that the stay terminates as to only the serial-filing debtor in the case of a joint filing. It makes no sense that the phrase would be incorporated in subsection (c)(3)(A) but not in subsection (c)(4)(A) if its meaning were to protect the innocent non-filing spouse. *See Melvin*, 948 F.3d at 852 ("We presume that the use of different words in the same statute is evidence that Congress intended different meanings."). Nothing in the statute would direct one to believe that the automatic stay would terminate as to the spouse who wasn't a serial filer. As one court has said, the spousal exclusion interpretation "is out of thin air." *See In re Mortimore*, 2011 U.S. Dist. LEXIS 146423, 14 n.3 (D.N.J. Dec. 21, 2011). Moreover, the increasingly severe consequences of the stay's termination support the

7

court's interpretation: for one repeat filing, the stay is terminated as to only the debtor and the debtor's property, *see* 11 U.S.C. § 362(c)(3)(A), but for two repeat filings, the stay is terminated in its entirety, *see* 11 U.S.C. § 362(c)(4)(A).

Terminating the stay as to only the debtor and his property doesn't produce an absurd result. *See O'Kane*, 224 F.3d at 691 (court should avoid absurd results when construing statute). Indeed, as multiple courts have noted, interpreting the statute this way furthers bankruptcy law's policy of "[e]quality of distribution among creditors." *In re Smith*, 811 F.3d 228, 238 (7th Cir. 2016) (quoting *Begier v. IRS*, 496 U.S. 53, 538 (1990)); *see In re McGrath*, 621 B.R. at 266; *In re Rinard*, 451 B.R. 12, 19 (Bankr. C.D. Cal. 2011); *In re Holcomb*, 380 B.R. at 816; *In re Williams*, 346 B.R. 361, 368-69 (Bankr. E.D. Pa. 2006) ("construction of section 362(c)(3)(A) as written does not lead to an absurd result"). It provides consequences for repeat filers while also maintaining a balance of rights for the parties involved. *In re Williams*, 346 B.R. at 369 ("Congress has balanced competing interests."). "[S]uits against the debtor can commence or continue postpetition because section 362(a)(1) is no longer applicable; judgments may be enforced against the debtor, in spite of section 362(a)(2); collection actions may proceed against the debtor despite section 362(a)(6); and liens against the debtor's property may be created, perfected and enforced regardless of section 362(a)(5)." *Id.* at 367.

Creditors aren't left without a remedy under this interpretation, as they may move for relief under § 362(d) if a debtor is abusing the automatic stay, which must be granted unless the debtor can provide the creditor adequate protection. *See Rose*, 945 F.3d at 231. If the minority's interpretation may better fulfill bankruptcy law's policies, then Congress can rewrite the statute. *Bostock*, 140 S. Ct. at 1753 ("The place to make new legislation, or address unwanted consequences of old legislation, lies in Congress."); *see Rose*, 945 F.3d at 231 (acknowledging that other interpretations of § 362(c)(3)(A) may better serve bankruptcy law's policies but applying the majority rule because the plain language of the statute was clear). Nevertheless to this court, the minority interpretation has its own drawbacks, so

policy arguments prove to be a double-edged sword. *See In re Holcomb*, 380 B.R. at 816 ("The minority approach circumvents this policy by allowing a single creditor, who may be oversecured, full access to property that would otherwise be property of the estate."). The court adheres instead to the words as written, not to policy. Policy is for Congress to debate and implement.

## CONCLUSION

The bankruptcy judge properly concluded that 11 U.S.C. § 362(c)(3)(A) unambiguously says its termination of the automatic stay for repeat filers applies only to the debtor and his property, not to the property of the bankruptcy estate. Accordingly, the court AFFIRMS the bankruptcy judge's decision. This order terminates the case.

SO ORDERED.

March 19, 2021                  *s/ Damon R. Leichty*
                                                      Judge, United States District Court